FILED
CLERK
5/31/2016 3:44 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNIVERSAL ENTERTAINMENT EVENTS, INC.,
et al.,

                      Plaintiffs,         **MEMORANDUM & ORDER**
                                                          15-CV-1104 (SJF) (AKT)

        -against-

CLASSIC AIR CHARTER, INC., et al.,

                      Defendants.
----------------------------------------------------------------X
FEUERSTEIN, District Judge:

       Plaintiffs Universal Entertainment Events, Inc. and its principal, Lorenzo Reyes Retana ("Retana,") (collectively, "plaintiffs") commenced this diversity action against defendants Classic Air Charter, Inc. ("Classic Air"), Javelin Air Services ("Javelin"), LLC, Don Moss ("Moss"), and James Bartikoski ("Bartikoski") alleging fraud, breach of contract, and unjust enrichment. Currently before the Court is *pro se* defendant Bartikoski's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12 (b)(2) of the Federal Rules of Civil Procedure. Docket Entry ("DE") [57]. For the reasons set forth below, the motion is denied.

**I. BACKGROUND**

       The following facts are primarily drawn from the amended complaint and are taken as true for purposes of this motion. Plaintiffs are in the business of planning and arranging luxury travel for third-party clients around the world. Amended Complaint ("Am. Compl."), ¶10, DE [27]. Universal is a Texas corporation and its principal, Retana, is a Texas resident. *Id.* ¶¶ 2-3.

       In early 2014, plaintiffs organized a trip for 240 Mexican passengers to the 2014 World Cup in Brazil. Am. Compl. ¶ 11. As part of the planning, plaintiffs were required to charter a return air flight from Brazil to Mexico on June 24, 2014 (the "Flight"). *Id.* ¶ 12. Plaintiffs contacted Bartikoski, a "broker for charter flights, who represented to Plaintiffs that he would be

able to arrange the Flight." *Id.* ¶ 13. Plaintiffs allege that Bartikoski "represented himself as a principal or agent of Classic Air and Javelin." *Id.* ¶ 7. Bartikoski introduced plaintiffs to defendant Moss and his company, defendant Classic Air. *Id.* ¶ 14. Numerous communications between plaintiffs and Moss and/or Classic Air were conveyed through Bartikoski. *Id.* ¶¶ 20-21. Plaintiffs allege that Bartikoski, acting as an agent for Moss and Classic Air, arranged for a charter flight to Brazil. *Id.* ¶¶ 14, 17; *see also* Charter Agreement, Ex. A, Am. Compl. The charter agreement was executed by Retana for plaintiffs, and Don Moss on behalf of Charter Air.

Although Bartikoski did not sign the charter agreement, plaintiffs allege that "[p]ayments were requested to be made to 'Go-Dair LLC,' which upon information and belief is an assumed name that is or was registered to Bartikoski, and to 'Bartikoski DBA Pilot Services LLC.'" Am. Compl. ¶ 18. Upon instructions from Bartikoski, a deposit in the amount of $50,000 was made to a Minnesota bank account belonging to Go-Dair, LLC. *Id.* ¶ 27; *see also* Wire Transfer Information, Ex. E. to Affirmation of David K. Bowles, DE [58-2]. A second payment of $255,000 was also sent to the Minnesota account in the name of Go-Dair LLC. Am. Compl. ¶ 35. That transfer was unsuccessful "because the bank account was in fact held under the name 'James Bartikoski DBA Pilot Services LLC.'" *Id.* ¶ 36. The funds were successfully transferred, but the amended complaint does not indicate how it was effected or to what account. *See id.,* ¶¶ 38-39.

On the day the Flight was scheduled to depart from Brazil, defendants informed plaintiffs that they were unable to charter a plane, with the result that plaintiffs incurred additional costs in excess of $75,000. Am. Compl., ¶¶ 41-43. Defendants returned $190,000 of the monies paid, but have refused to return the remaining balance of $115,200. *Id.* ¶¶ 44-45.

Plaintiffs filed the complaint on March 3, 2015. After three (3) attempts at personal service on Bartikoski, service upon him was effected by affixing a copy of the summons and complaint on the door of his usual place of abode and mailing a separate copy to him at the same

2

address.  *See* Affidavit of Service, DE [17].   Plaintiffs and Bartikoski executed a stipulation whereby Bartikoski agreed to accept service of the amended complaint by overnight mail and plaintiffs agreed to an extension of time to answer or otherwise respond to that pleading, s*ee* DE [30], and the stipulation was So Ordered by Magistrate Judge Tomlinson.   *See* DE [32].  Plaintiffs completed service under the terms of the stipulation, *see* DE [35], and Bartikoski's motion to dismiss was filed on September 16, 2015.   *See* DE [57].

## II.  LEGAL STANDARDS

In responding to a Rule 12 (b)(2) motion to dismiss for lack of personal jurisdiction, "[t]he plaintiff bears the burden of establishing personal jurisdiction over the defendant."   *MacDermid, Inc. v. Deiter,* 702 F.3d 725, 727 (2d Cir. 2012) (internal quotation and citation omitted).   "[T]he showing a plaintiff must make to defeat a defendant's claim that the court lacks personal jurisdiction over it 'varies depending on the procedural posture of the litigation.'"   *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.,* 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Matellurgie Hoboken-Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir. 1990)).   Faced with a Rule 12 (b)(2) motion, "the plaintiff need persuade the court only that its factual allegations constitute a *prima facie* showing of jurisdiction."   *Ball,* 902 F.2d at 197.   This showing may be made through the plaintiff's "own affidavits and supporting materials . . . containing an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant."   *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 208 (2d Cir. 2001) (internal quotation and citation omitted).   The court should "construe the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor."   *Porina v. Marward Shipping Co.,* 521 F.3d 122, 126 (2d Cir. 2008).   The court does not, however, accept as true a legal conclusion couched as a factual allegation.   *See Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,* 968 F.2d 196, 198 (2d Cir. 1992) (citation omitted).

Defendant Bartikoski appears *pro se,* and thus his submissions are viewed liberally and

3

held "to less stringent standards than formal pleadings drafted by lawyers." *Olle v. Columbia Univ.,* 332 F. Supp. 2d 599, 607 (S.D.N.Y. 2004), *aff'd,* 136 F. App'x 383 (2d Cir. 2005). Bartikoski argues that this court lacks personal jurisdiction over him, arguing that he is a citizen of Minnesota "who has not done business in the State of New York, has no office or presence in the State of New York, does not traditionally nor regularly, nor systematically do any business within the State of New York. Motion at pp. 1-2.

### III. DISCUSSION[1]

"The determination of personal jurisdiction in a diversity case requires a two-step process. First, the district court applies the law of the forum state . . . to determine whether the exercise of jurisdiction is appropriate. . . . If so, the district court next looks to whether such exercise comports with the requisites of due process." *Hwang v. Grace Road Church,* 14-CV-7187, 2016 WL 1060247, at *3 (E.D.N.Y. Mar. 14, 2016) (internal quotation and citations omitted).

New York's long-arm statute provides that a New York court may exercise personal jurisdiction over a non-domiciliary if the defendant "transacts any business within the state" and the "cause of action aris[es] from" that transaction. N.Y. C.P.L.R. § 302(a)(1). "New York courts define 'transact[ing] business' as purposeful activity--'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (quoting *McKee Elec. Co. v. Rauland-Borg Corp.,* 20 N.Y.2d 377, 382, 283 N.Y.S.2d 34 (1967) (internal quotation and citation omitted)). Under section 302(a), the plaintiff's cause of action must arise from the specific New York business transaction, and the provision requires "an articulable nexus, or a substantial relationship between the transaction and

---

[1] Bartikoski does not claim that service was improper. As he appears *pro se,* however, the Court has reviewed the affidavits regarding service and find that it was proper pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and N.Y. C.P.L.R. § 308(4).

the claim asserted." *Best Van Lines,* 490 F.3d at 246 (quoting *Henderson v. INS,* 157 F.3d 106, 123 (2d Cir. 1998)). Section 302 (a)(1) is a "'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Kreutter v. McFadden Oil Corp.,* 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195 (1988).

Even though Bartikoski never physically entered the state, New York courts have found personal jurisdiction when "commercial actors use electronic means to project themselves into New York to negotiate business transactions." *Musket Corp. v. PDVSA Petroleo, S.A.,* 657 F. Supp. 2d 436, 437 (S.D.N.Y. 2009) (citing *Deutsche Bank Secs., Inc. v. Montana Bd. of Invs.,* 7 N.Y.2d 65, 818 N.Y.S.2d 164 (2006)). Plaintiffs allege that Bartikoski participated in or facilitated the negotiations on multiple occasions leading to the execution of the charter agreement in New York, an agreement that plaintiffs claim was fraudulently procured. Although Bartikoski was not a signatory to the charter agreement, the amended complaint adequately alleges that Bartikoski acted as an intermediary between plaintiffs in Texas and defendants Moss and Classic Air in New York.[2] In addition, payment under the contract was tendered directly to Bartikoski, purportedly at his direction. Accepting plaintiffs' allegations as true, the Court finds that jurisdiction over Bartikoski is proper pursuant to § 302(a)(1) as his actions fall within reach of the long-arm statute.

As to due process requirements, "Section 302(a) of the New York long-arm statute complies with the Due Process Clause because it limits jurisdiction to those causes of action that arise out of activity conducted within the state." *Grand v. Schwarz*, No. 15-CV-8779, 2016 WL

---

[2] Plaintiffs' allegation that Bartikoski was the "agent" of defendant Classic Air is a legal conclusion and the Court takes no position on that allegation in deciding this motion.

2733133, at *4 (S.D.N.Y. May 10, 2016) (citing *United States v. Montreal Trust Co.*, 358 F.2d 239, 242 (2d Cir. 1966)). Thus the finding that jurisdiction is proper under the New York long-arm statute satisfies any due process concerns. *See D.H. Blair & Co. v. Gottdiener,* 462 F.3d 95, 105 (2d Cir. 2006) ("the constitutional requirements of personal jurisdiction are satisfied because application of § 302(a) meets due process requirements."); *Chatwal Hotels & Resorts LLC v. Dollywood Co.,* 90 F. Supp. 3d 97, 108 (S.D.N.Y. 2015) ("Because the New York long-arm statute is more restrictive than the federal due process requirements, by virtue of satisfying the long-arm statute the minimum contacts and reasonableness requirements of due process have similarly been met.").

## IV. CONCLUSION

The Court concludes that plaintiffs have made at least a *prima facie* showing that this Court has personal jurisdiction over Bartikoski. Accordingly, defendant Bartikoski's motion to dismiss is denied in its entirety.

SO ORDERED.

                                            /s/
                                        Sandra J. Feuerstein
                                        United States District Judge

Dated: May 31, 2016
       Central Islip, New York